

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. W. Cox
State Health Officer
Austin, Texas

Dear Sir:

Opinion No. O-1565
Re: Merit System for State
Health Department

We are in receipt of your letter of March 13,
which reads as follows:

"I am transmitting for your consideration
and suggestions, a copy of the Merit System as
proposed by the State Board of Health.

"Please advise me if there is anything con-
tained therein in contravention of the State Law."

You transmit with the foregoing letter a forty
page booklet dated January 1, 1940, entitled "Policies
Submitted By The Texas State Department of Health With Pro-
visions For a Merit System of Personnel Administration."

In our Opinion No. O-876 we ruled that the State
Department of Health may create a Division of Merit System
for personnel administration if the same is deemed necessary
for the efficient conduct of the work of the Department.
Our Opinion No. O-1818, a copy of which is enclosed herewith,
discusses certain limitations upon State Departments in es-
tablishing merit systems and attempts to point out the per-
missible scope within which such system may be established
and operated.

We have carefully read the proposed plan which you have submitted as your voluntary system and policy in employing, promoting and retaining employees in your Department and it appears that you have attempted to comply with the laws of Texas and our Opinion No. O-1818 in drafting your plan. We have not found any particular provision which in our opinion would be in contravention of state law. However, we suggest that in defining "permanent employees" it might be made more clearly to appear that the Department is not attempting to give employees a permanent status but that such term is used as merely descriptive of employees who have been retained beyond a probationary period and to which different rules and policies will be applied.

We are unable to give an unconditional certification that all the provisions of your plan are in strict compliance with all the laws of Texas -- constitutional, statutory and common law. However, we are of the opinion that the plan as a whole comes within the limitations imposed by law and any discrepancies which may be discovered or which might develop in the administration of the plan may be readily remedied by amendment. If some conflict which is not now apparent should later develop, the state law would, of course, supersede the offending provision.

If your Department is doubtful of any particular provision or desires our more careful study and examination of some particular phase of the plan, we shall be glad to give it further consideration if you will point out the particular provision in question and advise us of the question which you have in mind.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Cecil C. Cammack_
Cecil C. Cammack
Assistant

APPROVED APR 4, 1940

CCC:jm

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN